UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | No. 4:23-CR-127-P |
| | ) | |
| CHRISTOPHER KIRCHNER | ) | |

MOTION IN LIMINE CONCERNING ALLEGED
ACTS OF MISCONDUCT OR EXTRANEOUS OFFENSES
AND REQUEST FOR NOTICE

COMES NOW, CHRISTOPHER KIRCHNER, through undersigned counsel, requesting that, with regard to evidence of extraneous offenses or specific acts of misconduct not alleged in the Government's Indictment, but which were allegedly committed by Mr. Kirchner, and any prejudicial evidence which lacks sufficient probative value, confuses the jury, causes undue delay, or is cumulative, which the government may attempt to offer under Rules 403 and 404(b) of the Rules of Evidence, or under any other theory, the Court take the following actions:

1. Instruct the government's attorney and all of the government's witnesses not to testify, refer, mention or in any way allude to specific acts of misconduct or extraneous offenses, other than the offenses alleged in the Government's Indictment, committed by the accused until the Court has ruled upon their admissibility.

2. Require the government to serve notice to the Court and defendant's counsel of any specific acts of misconduct or evidence of extraneous offenses which the government seeks to introduce at trial. Notice should be given sufficiently in advance of trial to allow defendant time to investigate the allegations.

3. Hold a hearing outside the presence of the jury at which the government must show by a preponderance of the evidence:

2

    a.    The defendant committed the acts in the recent past;

    b.    There is a disputed material issue to which the evidence is relevant; and,

    c.    That the probative value is not outweighed by the prejudicial effect of the evidence.

4. Prohibit the government from introducing evidence of specific acts of misconduct or extraneous offenses for which it has not given proper notice.

5. Require the government to state the theory of admissibility for extrinsic conduct evidence it seeks to offer and if admitted, restrict the evidence to its proper scope, and instruct the jury accordingly.

## I. ARGUMENT

### A. *PRELIMINARY RULING*

Rule 104 of the Rules of Evidence required the Court to make preliminary rulings on the admissibility of extrinsic offense evidence outside the presence of the jury. *Huddleston v. United States of America*, 485 U.S. 681 (1988).

The government must prove the conduct occurred by a preponderance of the evidence or the jury may not be allowed to consider it. *Huddleston*, supra. Additionally, Rule 403 of the Rules of Evidence holds:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Allowing evidence of specific acts of misconduct of extraneous offenses to be introduced before the jury without first determining their admissibility would prejudice the jury and deprive the defendant of a fair trial. U.S. Const. amend. V, VI, and XIV, § 2.

3

It is beyond question that other crimes, wrongs, or acts are not admissible to prove character or that a person acted in conformity therewith.  FED. R. EVID. 404(b).  Thus, 404(b) evidence is inadmissible absent a showing that the other crimes, wrongs, or acts evidence is <u>relevant</u> (sufficiently related to the charged offense) to an issue other than character; <u>necessary</u> (an essential part of the crimes on trial, or furnished part of the context of the crime); and <u>reliable</u>.  *United States v. Rawle*, 845 F.2d 1244 (4th Cir. 1988).  Further, the Government should be precluded from the use of such 404(b) evidence until and unless the defendant's presentation of evidence precipitates the need for that evidence.  *United States v. Rhodes*, 779 F.2d 1019, 1031, n.4 (4th Cir. 1985); *United States v. Manganellis*, 864 F.2d 528 (7th Cir. 1988).

## B. NOTICE

Notice of the specific acts of misconduct or extraneous offenses is required by due process and Rule 404(b) and is necessary in order that defendant's counsel may effectively prepare to challenge their admissibility, confront witnesses, and select an impartial jury.  U.S. Const. amend. V, VI and XIV, § 2, *United States v. Baum*, 482 F.2d 1325 (2nd Cir. 1973); *United States v. King*, 121 F.R.D. 277 (E.D.N.G. 1988); *see United States v. Foskey*, 636 F.2d 517, 526 n.8 (D.C. cir. 1980) (Government should give adequate notice of Rule 404(b) evidence); *see also United States v. Shackleford*, 738 F.2d 776 (7th Cir. 1984); *United States v. Mahone*, 537 F.2d 922 (7th Cir.) *cert. denied*, 429 U.S. 1025.

## C. LIMITED USE

A statement of the government's theory of admissibility with respect to each item of Rule 404(b) evidence should be provided before the court rules.  *See Huddleston supra* (trial court must conduct Rule 403 balancing inquiry before introduction of Rule 404(b) evidence; strength of evidence establishing the similar acts is one of the Rule 403 balancing factors).  Rule 105 of the Rules of Evidence requires a court to restrict evidence to its proper scope and instruct the jury accordingly.

4

For the foregoing reasons, Mr. Kirchner requests notice sufficiently in advance of trial to allow for effective preparation should the government deem any evidence of other crimes, wrongs, or acts to be somehow relevant.

WHEREFORE, Mr. Kirchner prays that this Court suppress any evidence of extrinsic conduct, order the government and all witnesses to refrain from mentioning or alluding to such evidence in any way at any stage of the trial unless and until the court has ruled it to be admissible after a hearing outside the presence of the jury, and to require the government to give ample notice of its intent to offer any extrinsic conduct evidence.

> Respectfully submitted,
> JASON D. HAWKINS
> FEDERAL PUBLIC DEFENDER
> Northern District of Texas
>
> /s/ *Christopher J. Weinbel*
> CHRISTOPHER WEINBEL
> Assistant Federal Public Defender
> Northern District of Texas
> Texas Bar No. 24121196
> 819 Taylor Street, Suite 9A10
> Fort Worth, Texas 76102
> Phone: (817) 978-2753

## CERTIFICATE OF SERVICE

I further certify that on November 20, 2023, this motion was served by electronic means on Assistant United States Attorney Josh Detzky.

> /s/ *Christopher J. Weinbel*
> CHRISTOPHER WEINBEL
> Assistant Federal Public Defender