UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 4:23-CR-127-P |
| | § | |
| CHRISTOPHER KIRCHNER | § | |

**DEFENDANT'S RESPONSE TO THE GOVERNMENT'S MOTIONS IN LIMINE**

The Defendant respectfully submits this response to the Government's motions in *limine*, submitted ahead of the trial of Christopher Kirchner. The Government seeks to preclude Mr. Kirchner from presenting evidence of: (1) negligence, on the part of Slync's customers, investors, Board Members, and employees; (2) Slync's financial conditions and operations of the company after July 2022, when Mr. Kirchner left the company and; (3) Mr. Kirchner's intent to repay the loans. The government has not cited any binding authority with regard to how this court must rule on its motions in *limine*. Precluding Mr. Kirchner from presenting this evidence would jeopardize his right to a fair trial and his right to present a defense.

In *Crane v. Kentucky*, the Supreme Court reaffirmed a defendant's right to a meaningful opportunity to present a fair and complete defense. 476 U.S. 683, 686 (1986) (citing *California v. Trombetta*, 467 U.S. 479, 485 (1984)). There, the lower court granted the Government's motion in *limine* to exclude evidence about the circumstances surrounding the defendant's confession. *Id.* at 685-86. The Court held that a defendant's constitutional opportunity to be heard is threatened when the Government is "permitted to exclude competent, reliable evidence bearing on the credibility of a confession when such evidence is central to the defendant's claim of

innocence." *Id.* at 690. The same principle rings true here: "In the absence of any valid state justification, exclusion of this kind of exculpatory evidence deprives a defendant of the basic right to have the prosecutor's case encounter and 'survive the crucible of meaningful adversarial testing.'" *Id.* at 690-91.

For these reasons, expounded upon below, the Defendant requests that this Court overrule all of the Government's motions. In the alternative, the Defendant requests that this Court defer ruling on these issues until trial, when it hears the evidence in the context of the purposes for which it would be offered.

**I.  The Court Should Permit Mr. Kirchner to Introduce Evidence Pertaining to the Structure of the Slync Board of Directors, Including Oversight Procedures.**

The Government's first motion asserts that Mr. Kirchner will attempt to introduce evidence that Slync's Board of Directors was negligent in failing to maintain proper oversight of Mr. Kirchner's financial dealings, or assumed the risk of financial loss by investing in a startup company. While the Government does not raise an evidentiary challenge to this evidence, Mr. Kirchner submits that this evidence is highly relevant under Federal Rules of Evidence 401 and should thus be found admissible.

Evidence of the structure of the Slync Board of Directors and the procedures it employed for communicating with Mr. Kirchner in his capacity as CEO is principally relevant to both Mr. Kirchner's defense and to the jury's understanding of the case. Specifically, such evidence is probative of whether Mr. Kirchner's representations were material to a scheme to defraud. *See* Fifth Circuit Pattern Jury Instructions § 2.57. "Material" means any representation that had "a natural tendency to influence, or is capable of influencing, the decision of the person or entity to which it is addressed." *See* Fifth Circuit Pattern Jury Instructions § 2.57. On this definition, evidence of Slync's board of directors' practices, whether negligent or not, is relevant because it

is probative of whether any statements that Mr. Kirchner made induced decisions by the Board of Directors.

Further, Mr. Kirchner's counsel does not plan to introduce evidence of victims' negligence as a defense to wire fraud. In the event that a defense were sought to be made, the cases cited by the Government never go as far to hold that evidence bearing on victims' negligence or gullibility would be inadmissible at trial and should be excluded in pretrial motions.

In *Kreimer*, the Fifth Circuit found that the jury's finding of guilt should not be overturned on several grounds, one of which being that "a victim's negligence is not a defense to criminal conduct." *United States v. Kreimer*, 609 F.2d 126, 132 (5th Cir. 1980). At no point did the court hold that evidence of the victim's negligence should have been excluded before trial. In *Blachly*, the Fifth Circuit found that the impossibility that the scheme to defraud investors was indicative that such a scheme existed. *Blachly v. United States,* 380 F.2d 665, 672 n.13 (5th Cir. 1967). In other words, the jury's finding of guilt in the lower court was affirmed based on evidence that fraud victims were negligent and gullible. At most, the Government's argument would hold water in reference to jury charges, which are not at issue here.

Finally, the Government relies solely on Mr. Kirchner's own personal out-of-court statements in assuming that his counsel will present certain evidence for a certain purpose. Even if Mr. Kirchner's statements were comprehensive of his counsel's defense strategy, there is no basis for excluding such evidence pretrial.

In requesting that the Court deny the Government's motion or defer ruling until trial, Mr. Kirchner would submit the Supreme Court's strong preference for admitting rather than

excluding exculpatory evidence, as shown in *Crane*, and the Fifth Circuit's abstention from holding that such evidence should be excluded pretrial. *See supra*.

### II. The Court Should Permit Mr. Kirchner to Introduce Evidence of Slync's Financial Condition and Operations After He was Removed as CEO.

The Government contends that because Mr. Kirchner was terminated from Slync in July 2022, Mr. Kirchner should be barred from introducing evidence or argument pertaining to Slync's financial condition after he was terminated. The Government argues that such evidence is irrelevant to Mr. Kirchner's mental state.

However, such evidence is principally relevant to other requisite elements of wire fraud. *See* Fifth Circuit Pattern Jury Instructions § 2.57. Evidence is relevant when "it has any tendency to make a fact more or less probable than it would be without the evidence." Fed. R. Evid. 401. Relevant evidence is generally admissible. Fed. R. Evid. 402. Here, evidence of Slync's financial situation after Mr. Kirchner's termination as CEO is directly relevant to whether and what scheme existed. The Government must prove beyond a reasonable doubt that a scheme to defraud existed (*see* Fifth Circuit Pattern Jury Instructions § 2.57); if the timeline of such a scheme extends beyond Mr. Kirchner's tenure as CEO, then evidence of the company's financial condition after he was terminated is directly probative of both the existence of a scheme and Mr. Kirchner's culpability. This evidence includes Slync's current bankruptcy proceedings, regardless of the method by which the company is doing so, and investors' behavior after he was terminated.

Further, the Government cites no authority that requires the Court to grant its motion. The Court should deny the motion to preserve Mr. Kirchner's right to a meaningful opportunity to present a fair and complete defense and ensure that the jury is privy to all relevant evidence.

### III.   The Court Should Permit Mr. Kirchner to Introduce Evidence Related to His Intent to Repay to Slync and Slync Investors.

The Government claims that because the intent to return money is not a defense to the charge of embezzlement, Mr. Kirchner should be precluded from introducing evidence that he intended to repay loans he incurred as CEO of Slync. *See supra* Section II (discussing Federal Rules of Evidence 401-402). To support its claims, the Government cites to cases in which the Court affirmed convictions despite evidence that a defendant intended to repay his victims. However, none of these cases ruled on a government's motion in *limine*, or held that a defendant should be precluded from introducing such evidence. Such evidence is central to Mr. Kirchner's right to present a defense per the court's opinion in *Crane v. Kentucky* 476 U.S. 683, 686 (1986).

Such evidence is probative of several elements of the 12 counts with which the Government charged Mr. Kirchner. The Government is required to prove beyond a reasonable doubt that Mr. Kirchner (1) devised a scheme to enrich himself and intended to and did use derived funds for his personal benefit (*see* Fifth Circuit Pattern Jury Instructions § 2.57) and (2) acted with specific intent to defraud (*see* Fifth Circuit Pattern Jury Instructions § 2.57). Excluding evidence that Mr. Kirchner intended to repay loans he took from Slync during his tenure as CEO directly impacts his ability to defend against these two requisite elements of the charges against him.

Similarly to its first motion, none of the cases cited by the Government are about motions in *limine* and should not preclude the defense from introducing this type of evidence.

In *Allen*, the Fifth Circuit held that repayment of stolen funds was not a defense to money laundering in the context of what constituted "proceeds" under the statute. *United States v. Allen*, 76 F.3d 1348, 1360 (5th Cir. 1996). The court never went as far as to hold that evidence of

repayments should not have been admitted at trial. *See id.* This case is particularly unhelpful here, as it concerned a complicated loan repayment scheme, where such evidence was central to the prosecution, so there was no question of its admissibility and relevance. *See id.* at 1360-61.

In *Dowl*, while the Fifth Circuit held that intent to repay stolen funds is not a defense to a charge of embezzlement, it did so on the lower court's proper admission of evidence showing the defendant's intent to repay stolen government funds. *United States v. Dowl*, 619 F.3d 494, 500 (5th Cir. 2010). There, the lower court denied the defendant's motion for acquittal on the basis that her intent to repay stolen funds absolved her of a guilty state of mind, and the court on appeal did not hold that such evidence should have been excluded pretrial or should not have been submitted to the jury. *Id.* at 501. Further, the Fifth Circuit reaffirmed that "the Government was not required to prove a permanent deprivation" in holding that the lower court did not err in not instructing the jury on a temporary deprivation defense. *Id.* at 501-02.

In sum, *Dowl* references jury instructions—clarifying what the Government needs to prove to sustain a conviction—not what the defense is allowed to introduce at trial. The defense does not plan to raise a precluded affirmative defense that Mr. Kirchner intended to return any Slync funds, and the Government need not prove that Mr. Kirchner intended to keep the funds forever.

However, the question of an affirmative defense is wholly separate from the admissibility of evidence. Evidence that Mr. Kirchner intended to return Slync funds to the company and its investors is probative of an innocent state of mind and goes directly to any specific intent to defraud alleged by the Government.

Mr. Kirchner would again direct this Court to the Supreme Court's endorsement of defendants' rights to present a fair and complete defense as explained in *Crane* in submitting that the Court should deny the Government's motion in order to respect this right.

## IV. Conclusion

In its three motions in *limine*, the Government confuses the preclusion of an affirmative or complete defense with the inadmissibility of evidence. The defense does not plan on raising any of the affirmative defenses suggested by the Government and agrees with their preclusion by Fifth Circuit precedent. However, relying on *Crane*, Mr. Kirchner has an established right to a meaningful opportunity to raise a fair and complete defense. Excluding exculpatory evidence pretrial, before seeing and hearing it in the context within which it is intended to be understood, threatens this right.

Mr. Kirchner respectfully requests that this Court deny the Government's motions, or, in the alternative, defer ruling on all of them until trial, so that the Court can most fully understand the context within which evidence is introduced.

Respectfully submitted,

JASON HAWKINS
Federal Public Defender
Northern District of Texas


*/s/ Christopher J. Weinbel*
CHRISTOPHER J. WEINBEL
Assistant Federal Public Defender
Texas Bar No. 24121196
819 Taylor Street, Room 9A10
Fort Worth, Texas 76102
817.978.2753
christopher_weinbel@fd.org

## CERTIFICATE OF SERVICE

I, Christopher J. Weinbel, hereby certify that on this the 27th day of November, 2023, I electronically filed this document with the Clerk of the United States District Court, Northern District of Texas, using the Court's electronic filing system. This system sent a "Notice of Electronic Filing" to the Assistant United States Attorney.

                                            */s/ Christopher J. Weinbel*
                                            CHRISTOPHER J. WEINBEL
                                            Assistant Federal Public Defender