IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | NO. 4:23-CR-127-P |
| CHRISTOPHER KIRCHNER | |

### GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION IN LIMINE CONCERNING THE SUPERSEDING INDICTMENT

Rule 7(d) of the Federal Rules of Criminal Procedure, entitled "Surplusage," provides that "[u]pon the defendant's motion, the court may strike surplusage from the indictment or information." It is well established that a court may strike language from an indictment under Rule 7(d) only if a defendant can establish that the allegedly excessive language is clearly "irrelevant, inflammatory[,] and prejudicial." *United States v. Bullock*, 451 F.2d 884, 888 (5th Cir. 1971); *accord United States v. Smallwood*, No. 3:09-CR-249-D, 2011 WL 2784434, at *10 (N.D. Tex. July 15, 2011) (Fitzwater, J.); *see also United States v. Graves*, 5 F.3d 1546, 1550 (5th Cir. 1993) ("For language to be struck from an indictment, it must be irrelevant, inflammatory, and prejudicial."). A "court will not strike allegations that are relevant, no matter how prejudicial or inflammatory they may be to the defendant." *Smallwood*, 2011 WL 2784434, at *10; *see also United States v. Vogel*, 2010 WL 2465359, at *1 (E.D. Tex. May 21, 2010) ("[W]hen information in an indictment is relevant to the charged offense, it should not be stricken, regardless of how prejudicial it may be." (citations omitted)). And the "mere fact that information in an indictment does not constitute an element of the charged

offense does not require that it be stricken." *United States v. Alexander*, 2008 WL 2130185, at *2 (W.D. La. May 18, 2008).

The standard by which the court should evaluate whether to strike surplusage is "exacting." *See Bullock*, 451 F.2d at 888. "The decision to strike surplusage lies within the discretion of the district court, 'which may reserve judgment on the motion until after the presentation of evidence at trial.'" *United States v. Simpson*, No. 3:09-CR-249-D, 2011 WL 2880885, at *11 (N.D. Tex. July 15, 2011) (Fitzwater, J.) (citations omitted). A court should "first determine if the challenged allegations are relevant to the offenses charged. If a challenged allegation is irrelevant, only then will the court determine whether the allegation is prejudicial and inflammatory."[1] *Id.* "Because this standard is strict, courts rarely grant such a motion." *United States v. Solomon*, 273 F.3d 1108, 2001 WL 1131955, at *1 (5th Cir. 2001).

Here, Kirchner moves to strike over 30 paragraphs from the Superseding Indictment on the ground that they are surplusage. He contends that the subject paragraphs are "preamble to the conduct alleged in Counts 1 through 11" that will "prejudice the jury." (Dkt. 71 at 2). However, Kirchner makes no attempt to explain why paragraphs 5 through 36 are prejudicial, nor does he attempt to argue that the paragraphs are irrelevant or inflammatory. His motion, therefore, should be denied.

---

[1] Further, only if the language is so prejudicial that it cannot be cured with a jury instruction is it appropriate to strike the language. *See United States v. Daniels*, 159 F. Supp. 2d 1285, 1300 (D. Kan. 2001) ("[A] proper instruction to the jury ordinarily can alleviate the potential prejudicial effect of contested allegations in the indictment."); *Lowther v. United States*, 455 F.2d 657, 666 (10th Cir. 1972) ("The failure to strike certain portions of the Indictment was not prejudicial because of the Court's instructions that the Indictment was not evidence….").

Moreover, the government must allege and prove that Kirchner engaged in a scheme to defraud.  The challenged paragraphs are necessary to explain that scheme.  The challenged paragraphs first provide background necessary to understand the context in which the scheme took place.  The paragraphs also explain the nature of the scheme itself, describing how Kirchner sought to deceive investors by providing false information about the financial health of Slync, then made false promises about how investors' money would be used.  The indictment further explains, as it must, how Kirchner capitalized on his deception and false promises by stealing the investors' money and using it for personal gain.  Finally, the challenged language, incorporated by reference into each of the substantive counts, provides necessary information about the context in which these charged financial transactions occurred.  Without that language, the allegations in the substantive counts would be insufficient to explain how each of the transactions related to or furthered Kirchner's scheme.

Accordingly, the court should deny Kirchner's motion.  Kirchner fails to establish that paragraphs 5 though 36 are irrelevant, inflammatory, and prejudicial.  This alone is fatal to his claim.  But, additionally, the language is necessary to set forth the scheme alleged against Kirchner.  It should not be stricken.

**CONCLUSION**

Based upon the aforementioned, the government asks the Court to deny Kirchner's Motion.

Respectfully submitted,

LEIGHA SIMONTON
UNITED STATES ATTORNEY

/s/ Joshua Detzky
JOSHUA D. DETZKY
Assistant United States Attorney
N.J. Bar No. 037172011
NASHONME JOHNSON
Assistant United States Attorney
N.Y. State Bar No. 4952248
JAY WEIMER
Texas State Bar No. 24013727
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone: 214.659.8629
Facsimile: 214.659.8809
Email: joshua.detzky@usdoj.gov
Email: nashonme.johnson@usdoj.gov
Email: jay.weimer@usdoj.gov