IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

UNITED STATES OF AMERICA

v.

No. 4:23-CR-127-P

CHRISTOPHER KIRCHNER

## **AGREED CHARGE**

Attached for the Court in the above styled and numbered cause is the proposed

jury charge and proposed verdict form in this case.

Respectfully submitted,

LEIGHA SIMONTON
UNITED STATES ATTORNEY

*Joshua Detzky*

JOSHUA D. DETZKY
Assistant United States Attorney
New Jersey Bar No. 037172011
1100 Commerce Street, Third Floor
Dallas, Texas 25242-1699
Telephone: (214) 659-8818
Facsimile: (214) 659-8805
Email: joshua.detzky@usdoj.gov

**Proposed Jury Charge - Page  1**

<u>CERTIFICATION</u>

I, Joshua D. Detzky, Assistant United States Attorney, hereby certify that I have carefully read the foregoing proposed charge of the Court and that it is, to the best of my knowledge and ability, free of error both in form and substance.

Dated: January 17, 2024

_Joshua Detzky_
JOSHUA D. DETZKY
Assistant United States Attorney

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 17, 2024, I electronically filed the foregoing document with the clerk for the United States District Court for the Northern District of Texas pursuant to its electronic filing system (ECF). The ECF sent a "Notice of Electronic Filing" to the attorneys of record who have consented to accepting service via this method.

_Joshua Detzky_
JOSHUA D. DETZKY
Assistant United States Attorney

TABLE OF CONTENTS

<u>General and Preliminary</u>
<u>Instructions</u>

Proposed Instruction No. 1          Preliminary Instructions
Proposed Instruction No. 2          Note-Taking by Jurors
Proposed Instruction No. 3          Introduction to Final Instructions
Proposed Instruction No. 4          Duty to Follow Instructions
Proposed Instruction No. 5          Presumption of Innocence, Burden of Proof,
                                    Reasonable Doubt
Proposed Instruction No. 6          Evidence—Excluding What Is Not Evidence
Proposed Instruction No. 7          Evidence—Inferences—Direct and Circumstantial
Proposed Instruction No. 8          Credibility of Witnesses
Proposed Instruction No. 9          Character Evidence
Proposed Instruction No. 10         Impeachment by Prior Inconsistencies
Proposed Instruction No. 11         Expert Opinion Testimony
Proposed Instruction No. 12         On or About
Proposed Instruction No. 13         Caution—Consider Only Crimes Charged
Proposed Instruction No. 14         Caution—Punishment
Proposed Instruction No. 15         Single Defendant—Multiple Counts
Proposed Instruction No. 16         Similar Acts
Proposed Instruction No. 17         Materiality
Proposed Instruction No. 18         Knowingly—to Act
Proposed Instruction No. 19         Summaries and Charts Not Received in Evidence
Proposed Instruction No. 20         Summaries and Charts Received in Evidence
                                    Pursuant to Federal Rule of Evidence 1006

<u>Specific Instructions</u>

Proposed Instruction No. 21   Counts One through Four—Wire Fraud
            18 U.S.C. § 1343

Proposed Instruction No. 22   Counts Five Through Twelve— Engaging in
            Monetary Transactions Derived from Specified
            Unlawful Activity
            18 U.S.C. § 1957

Proposed Instruction No. 23   Duty to Deliberate—Verdict Form

PROPOSED JURY INSTRUCTION NO. 1

## 1.01 PRELIMINARY INSTRUCTION

Members of the Jury:

Now that you have been sworn, I will give you some preliminary instructions to guide you in your participation in the trial.

**Duty of the jury:**

It will be your duty to find from the evidence what the facts are. You and you alone will be the judges of the facts. You will then have to apply to those facts the law as the court will give it to you. You must follow that law whether you agree with it or not. Perform these duties fairly. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way. In particular, do not let racial, ethnic, national origin, or other bias influence your decision in any way.

During the course of the trial I may ask a question of a witness. If I do, that does not indicate that I have any opinion about the facts in the case. Nothing the court may say or do during the course of the trial is intended to indicate, or should be taken by you as indicating, what your verdict should be.

**Evidence:**

The evidence from which you will find the facts will consist of the testimony of witnesses, documents and other items received into the record as exhibits, and any facts that the lawyers agree to or stipulate to or that the court may instruct you to find.

Certain things are not evidence and must not be considered by you. I will list them for you now.

1.      Statements, arguments, and questions by lawyers are not evidence.

2.      Objections to questions are not evidence. Lawyers have an obligation to their clients to make objections when they believe evidence being offered is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it. If the objection is sustained, ignore the question. If it is overruled, treat the answer like any other. If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

3.      Testimony that the court has excluded or told you to disregard is not evidence and must not be considered.

4.      Anything you may have seen, heard, or read outside the courtroom is not evidence and must be disregarded. You are to decide the case solely on the evidence presented here in the courtroom.

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist. I will give you further instructions on these as well as other matters at the end of the case, but keep in mind that you may consider both kinds of evidence.

It will be up to you to decide which witnesses to believe, which witnesses not to believe, and how much of any witness's testimony to accept or reject. I will give you some guidelines for determining the credibility of witnesses at the end of the case.

**Rules for criminal cases:**

As you know, this is a criminal case. There are three basic rules about a criminal

case that you must keep in mind.

First: the defendant is presumed innocent until proven guilty beyond a reasonable doubt. The Indictment brought by the government against the defendant is only an accusation, nothing more. It is not proof of guilt or anything else. The defendant therefore starts out with a clean slate.

Second: the burden of proof is on the government until the very end of the case. The defendant has no burden to prove his or her innocence, or to present any evidence, or to testify. Since the defendant has the right to remain silent, the law prohibits you from arriving at your verdict by considering that the defendant may not have testified.

Third: the government must prove the defendant's guilt beyond a reasonable doubt. I will give you further instructions on this point later but bear in mind that in this respect a criminal case is different from a civil case.

**Summary of applicable law:**

In this case the defendant is charged with four counts of wire fraud and eight counts of engaging in monetary transactions in property derived from specified unlawful activity.   I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision.   But in order to help you follow the evidence, I will now give you a brief summary of the elements of the offenses that the government must prove beyond a reasonable doubt to make its case.

For the counts alleging wire fraud, the government must prove: (1) that the defendant knowingly devised or intended to devise any scheme to defraud, that is to enrich himself by making misrepresentations and false promises to investors, officers,

**Proposed Jury Charge - Page  7**

directors, and employees that money raised from investors would be used for company business operations when, in fact, the defendant intended to and did use the money for his personal benefit; (2) that the scheme to defraud employed false material misrepresentations; (3) that the defendant transmitted or caused to be transmitted by way of wire communication, in interstate or foreign commerce, any writing or sign for the purpose of executing such scheme; and (4) that the defendant acted with a specific intent to defraud.

For the counts alleging that the defendant engaged in monetary transactions in property derived from specified unlawful activity, the government must prove: (1) that the defendant knowingly engaged in a monetary transaction; (2) that the monetary transaction was of a value greater than $10,000; (3) that the monetary transaction involved criminally derived property; (4) that criminally derived property was derived from specified unlawful activity; (5) that the defendant knew that the monetary transaction involved criminally derived property; and (6) that the monetary transaction took place within the United States. With respect to the fourth element, the government must show that, in fact, the property was the proceeds of wire fraud, which is a specified unlawful activity under the statute.

**Conduct of the jury:**

Now, a few words about your conduct as jurors.

During the course of the trial, do not speak with any witness, or with the defendant, or with any of the lawyers in the case. Please do not talk with them about any subject at all. You may be unaware of the identity of everyone connected with the case.

**Proposed Jury Charge - Page 8**

Therefore, in order to avoid even the appearance of impropriety, do not engage in any conversation with anyone in or about the courtroom or courthouse. It is best that you remain in the jury room during breaks in the trial and do not linger in the hall. In addition, during the course of the trial, do not talk about the trial with anyone else—not your family, not your friends, not the people with whom you work. Also, do not discuss this case among your- selves until I have instructed you on the law and you have gone to the jury room to make your decision at the end of the trial. Otherwise, without realizing it, you may start forming opinions before the trial is over. It is important that you wait until all the evidence is received and you have heard my instructions on rules of law before you deliberate among yourselves.

You, as jurors, must decide this case based solely on the evidence presented here within the four walls of this courtroom. This means that during the trial you must not conduct any independent research about this case, the matters in this case, and the individuals or corporations involved in the case. In other words, you should not consult dictionaries or reference materials, search the Internet, websites, or blogs, or use any other electronic tools to obtain information about this case or to help you decide the case. Please do not try to find out information from any source outside the confines of this courtroom.

I know that many of you use cell phones, the Internet, and other tools of technology. You also must not talk to anyone at any time about this case or use these tools to communicate electronically with anyone about the case. This includes your family and friends. You may not communicate with anyone about the case through any

**Proposed Jury Charge - Page 9**

means, including your cell phone, through email, blackberry, iphone, text messaging, or on Snapchat or Twitter, or through any blog or website, including Facebook, Instagram, Google+, MySpace, LinkedIn, or YouTube. You may not use any similar technology of social media, even if I have not specifically mentioned it here. I expect you will inform me as soon as you become aware of another juror's violation of these instructions. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result, which would require the entire trial process to start over.

**Course of the trial:**

I will now give you a roadmap to help you follow what will happen over the entire course of this trial. First, the government will make an opening statement, which is simply an outline to help you understand the evidence as it is admitted. Next, the defendant's attorney may, but does not have to, make an opening statement. Opening statements are neither evidence nor arguments.

The government will then present its witnesses, and counsel for the defendant may cross-examine them. Following the government's case, the defendant may, if he wishes, present witnesses whom the government may cross-examine. If the defendant decides to present evidence, the government may introduce rebuttal evidence.

After all the evidence is in, the attorneys will present their closing arguments to summarize and interpret the evidence for you, and the court will instruct you on the law. After that, you will retire to deliberate on your verdict.

The trial will now begin.

PROPOSED JURY INSTRUCTION NO. 2

## 1.02 NOTE-TAKING BY JURORS

If you would like to take notes during the trial, you may do so. On the other hand, you are not required to take notes if you prefer not to do so. Each of you should make your own decision about this.

If you decide to take notes, be careful not to get so involved in the note-taking that you become distracted from the ongoing proceedings. Your notes should be used only as memory aids. You should not give your notes precedence over your independent recollection of the evidence. If you do not take notes, you should rely upon your own independent recollection of the proceedings and you should not be unduly influenced by the notes of other jurors.

Notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been. Whether you take notes or not, each of you must form and express your own opinion as to the facts of the case.

You will note that we do have an official court reporter making a record of the trial; however, we will not have typewritten transcripts of this record available for your use.

PROPOSED JURY INSTRUCTION NO. 3

## 1.03 INTRODUCTION TO FINAL INSTRUCTIONS

Members of the Jury:

In any jury trial there are, in effect, two judges. I am one of the judges; the other is the jury. It is my duty to preside over the trial and to decide what evidence is proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

First, I will give you some general instructions which apply in every case, for example, instructions about burden of proof and how to judge the believability of witnesses. Then I will give you some specific rules of law about this particular case, and finally I will explain to you the procedures you should follow in your deliberations.

PROPOSED JURY INSTRUCTION NO. 4

## 1.04 DUTY TO FOLLOW INSTRUCTIONS

You, as jurors, are the judges of the facts. But in determining what actually happened--that is, in reaching your decision as to the facts--it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy. That was the promise you made and the oath you took before being accepted by the parties as jurors, and they have the right to expect nothing less.

PROPOSED JURY INSTRUCTION NO. 5

## 1.05 PRESUMPTION OF INNOCENCE,
## BURDEN OF PROOF, REASONABLE DOUBT

The Indictment or formal charge against a defendant is not evidence of guilt. Indeed, the defendant is presumed by the law to be innocent. The defendant begins with a clean slate. The law does not require a defendant to prove his innocence or produce any evidence at all [and no inference whatever may be drawn from the election of a defendant not to testify].

The government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, you must acquit the defendant. While the government's burden of proof is a strict or heavy burden, it is not necessary that the defendant's guilt be proved beyond all possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case. Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in making the most important decisions of your own affairs.

PROPOSED JURY INSTRUCTION NO. 6

### 1.06 EVIDENCE--EXCLUDING WHAT IS NOT EVIDENCE

As I told you earlier, it is your duty to determine the facts. To do so, you must consider only the evidence presented during the trial. Evidence is the sworn testimony of the witnesses, including stipulations, and the exhibits. The questions, statements, objections, and arguments made by the lawyers are not evidence.

The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

During the trial I sustained objections to certain questions and exhibits. You must disregard those questions and exhibits entirely. Do not speculate as to what the witness would have said if permitted to answer the question or as to the contents of an exhibit. Also, certain testimony or other evidence has been ordered removed from the record and you have been instructed to disregard this evidence. Do not consider any testimony or other evidence which has been removed from your consideration in reaching your decision. Your verdict must be based solely on the legally admissible evidence and testimony.

Also, do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in this case. Except for the instructions to

you on the law, you should disregard anything I may have said during the trial in arriving at your own verdict.

PROPOSED JURY INSTRUCTION NO. 7

## 1.08 EVIDENCE -- INFERENCES -- DIRECT AND CIRCUMSTANTIAL

In considering the evidence, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the evidence.

Do not be concerned about whether evidence is "direct evidence" or "circumstantial evidence." You should consider and weigh all of the evidence that was presented to you.

The law makes no distinction between the weights to be given either direct or circumstantial evidence. But the law requires that you, after weighing all of the evidence, whether direct or circumstantial, be convinced of the guilt of the defendant beyond a reasonable doubt before you can find him guilty.

PROPOSED JURY INSTRUCTION NO. 8

## 1.09 CREDIBILITY OF WITNESSES

I remind you that it is your job to decide whether the government has proved the guilt of the defendant beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses [including the defendant] who testified in this case. You should decide whether you believe all, some part, or none of what each person had to say, and how important that testimony was.   In making that decision I suggest that you ask yourself a few questions: Did the person impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness have any relationship with either the government or the defense? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? These are a few of the considerations that will help you determine the accuracy of what each witness said.

[The testimony of the defendant should be weighed and his credibility evaluated in

**Proposed Jury Charge - Page 18**

the same way as that of any other witness.][1]

Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say. In making up your mind and reaching a verdict, do not make any decisions simply because there were more witnesses on one side than on the other. Do not reach a conclusion on a particular point just because there were more witnesses testifying for one side on that point. You will always bear in mind that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

---

[1] If applicable.

**Proposed Jury Charge - Page 19**

PROPOSED JURY INSTRUCTION NO. 9

## [1.10 CHARACTER EVIDENCE

Where a defendant has offered evidence of good character for truth and veracity, honesty and integrity, or as a law-abiding citizen, you should consider such evidence along with all the other evidence in the case.

Evidence of a defendant's character, inconsistent with those traits of character ordinarily involved in the commission of the crime charged, may give rise to a reasonable doubt, since you may think it improbable that a person of good character with respect to those traits would commit such a crime.][2]

---

[2] If applicable.

PROPOSED JURY INSTRUCTION NO. 10

## [1.11 IMPEACHMENT BY PRIOR INCONSISTENCIES

The testimony of a witness may be discredited by showing that the witness testified falsely, or by evidence that at some other time the witness said or did something, or has failed to say or do something, which is inconsistent with the testimony the witness gave at this trial.

Earlier statements of a witness were not admitted in evidence to prove that the contents of those statements are true. You may not consider the earlier statements to prove that the content of an earlier statement is true; you may only use earlier statements to determine whether you think the earlier statements are consistent or inconsistent with the trial testimony of the witness and therefore whether they affect the credibility of that witness.

If you believe that a witness has been discredited in this manner, it is your exclusive right to give the testimony of that witness whatever weight you think it deserves.]³

---

³ If applicable.
**Proposed Jury Charge - Page  21**

PROPOSED JURY INSTRUCTION NO. 11

## [1.18 EXPERT OPINION TESTIMONY

During the trial you heard the testimony of _____, who expressed opinions

regarding _____.   If scientific, technical, or other specialized knowledge might

assist the jury in understanding the evidence or in determining a fact in issue, a witness

qualified by knowledge, skill, experience, training, or education may testify and state an

opinion concerning such matters.

Merely because such a witness has expressed an opinion does not mean, however,

that you must accept this opinion. You should judge such testimony like any other

testimony. You may accept it or reject it and give it as much weight as you think it

deserves, considering the witness's education and experience, the soundness of the

reasons given for the opinion, and all other evidence in the case.][4]

---

[4] The government does not believe that the testimony of any of its witnesses will fall under this category but has noticed several witnesses as "experts" out of an abundance of caution.   The defense may call an expert witness but has not made a final decision. The names of any experts who testify and a summary of their testimony will be filled in the blanks at the conclusion of trial.   If no experts testify, this paragraph may be deleted.

**Proposed Jury Charge - Page 22**

PROPOSED JURY INSTRUCTION NO. 12

## 1.19 ON OR ABOUT

You will note that the Indictment charges that the offenses were committed "on or about" a specified date. The government does not have to prove that the crime was committed on that exact date, so long as the government proves beyond a reasonable doubt that the defendant committed each crime on a date reasonably near the date stated in the Indictment.

PROPOSED JURY INSTRUCTION NO. 13

## 1.21 CAUTION CONSIDER ONLY CRIMES CHARGED

You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crime charged. The defendant is not on trial for any act, conduct, or offense not alleged in the indictment. Neither are you called upon to return a verdict as to the guilt of any other person or persons not on trial as a defendant in this case, except as you are otherwise instructed.

PROPOSED JURY INSTRUCTION NO. 14

## 1.22 CAUTION--PUNISHMENT

If a defendant is found guilty, it will be my duty to decide what the punishment will be. You should not be concerned with punishment in any way. It should not enter your consideration or discussion.

PROPOSED JURY INSTRUCTION NO. 15

## 1.23 SINGLE DEFENDANT — MULTIPLE COUNTS

A separate crime is charged in each count of the Indictment. Each count, and the evidence pertaining to it, should be considered separately. The fact that you may find the defendant guilty or not guilty as to one of the crimes charged should not control your verdict as to any other.

PROPOSED JURY INSTRUCTION NO. 16

## 1.32 SIMILAR ACTS

[You have heard evidence of acts of the defendant which may be similar to those charged in the indictment, but which were committed on other occasions. You must not consider any of this evidence in deciding if the defendant committed the acts charged in the indictment. However, you may consider this evidence for other, very limited, purposes. If you find beyond a reasonable doubt from other evidence in this case that the defendant did commit the acts charged in the indictment, then you may consider evidence of the similar acts allegedly committed on other occasions to determine:

Whether the defendant had the state of mind or intent necessary to commit the crime charged in the indictment;

or

Whether the defendant had a motive or the opportunity to commit the acts charged in the indictment;

or

Whether the defendant acted according to a plan or in preparation for commission of a crime;

or

Whether the defendant committed the acts for which he is on trial by accident or mistake.

**Proposed Jury Charge - Page 27**

These are the limited purposes for which any evidence of other similar acts may be considered.][5]

---

[5] Omit if similar act evidence not presented.

**Proposed Jury Charge - Page 28**

PROPOSED JURY INSTRUCTION NO. 17

## 1.40 MATERIALITY

As used in these instructions, a representation or statement is "material" if it has a natural tendency to influence, or is capable of influencing, the decision of the person or entity to which it is addressed. The Government can prove materiality in either of two ways. First, a representation or statement is "material" if a reasonable person would attach importance to its existence or nonexistence in determining his choice of action in the transaction in question. Second, a statement could be material, even though only an unreasonable person would rely on it, if the person who made the statement knew or had reason to know his victim was likely to rely on it.

In determining materiality, you should consider that naivety, carelessness, negligence, or stupidity of a victim does not excuse criminal conduct, if any, on the part of the defendant.

PROPOSED JURY INSTRUCTION NO. 18

## 1.41 "KNOWINGLY" – to Act

The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally, not because of mistake or accident.

PROPOSED JURY INSTRUCTION NO. 19

### [1.50 – SUMMARIES AND CHARTS NOT RECEIVED IN EVIDENCE

Certain charts and summaries have been shown to you solely as an aid to help explain the facts disclosed by evidence (*testimony, books, records, and other documents*) in the case. These charts and summaries are not admitted evidence or proof of any facts. You should determine the facts from the evidence that has been admitted.][6]

---

[6] If applicable.

PROPOSED JURY INSTRUCTION NO. 20

**1.51 – SUMMARIES AND CHARTS RECEIVED IN EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 1006**

Certain charts and summaries of other records have been received into evidence. They should be considered like any other evidence in the case. You should give them only such weight as you think they deserve.

The charts and summaries include inferences or conclusions drawn from the records underlying them. It is up to you to determine if these inferences or conclusions are accurate.

PROPOSED JURY INSTRUCTION NO. 21

### 2.57 COUNTS ONE THROUGH FOUR – WIRE FRAUD – 18 U.S.C. § 1343

Title 18, United States Code, Section 1343, makes it a crime for anyone to use interstate or foreign wire communications in carrying out a scheme to defraud.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*:     That the defendant knowingly devised or intended to devise any scheme to defraud, that is to enrich himself by making misrepresentations and false promises to investors and Slync officers, directors, and employees that money raised from investors would be used for Slync business operations when, in fact, the defendant intended to and did use the money for his personal benefit;

*Second*:     That the scheme to defraud employed false material representations or pretenses;

*Third*:     That the defendant transmitted or caused to be transmitted by way of wire communications, in interstate or foreign commerce, any writing, signal, or sound for the purpose of executing such scheme; and

*Fourth*:     That the defendant acted with a specific intent to defraud.

A "scheme to defraud" means any plan, pattern, or course of action intended to deprive another of money or property or bring about some financial gain to the person engaged in the scheme.

**Proposed Jury Charge - Page 33**

A "specific intent to defraud" means a conscious, knowing intent to deceive and[7] cheat someone.   [Specific intent, as the term implies, means more than the general intent to commit the act. To establish specific intent, the government must prove that the defendant knowingly did an act which the law forbids, purposely intending to violate the law.][8]

A representation is "false" if it is known to be untrue or is made with reckless indifference as to its truth or falsity. A representation would also be "false" if it constitutes a half truth, or effectively omits or conceals a material fact, provided it is made with the intent to defraud.

A representation is "material" if it has a natural tendency to influence, or is capable of influencing, the decision of the person or entity to which it is addressed.

It is not necessary that the government prove all of the details alleged in the indictment concerning the precise nature and purpose of the scheme. What must be

---

[7] While the Fifth Circuit Pattern Jury Instructions uses the disjunctive "to deceive or cheat," (disjunctive) the Ninth Circuit recently held that, pursuant to the Supreme Court's decision in *Shaw v. United States*, 137 S.Ct. 462 (2016), the conjunctive "and" should instead be used. *United States v. Miller,* 953 F.3d 1095, 1102 (9th Cir. 2020). While the Ninth Circuit, of course, is not binding on this court, and the government does not concede that *Shaw* always requires the conjunctive to be used as to wire fraud, the government does not object to the use of the conjunctive in this particular case.

[8] The defense requests the bracketed language, arguing that it provides a more comprehensive definition of "specific intent to defraud" than is found in the Fifth Circuit Pattern Jury Instructions.   The government objects because this language, which does not appear in the pattern jury instructions, is unnecessary given the definition already provided for "specific intent to defraud."   Moreover, the government believes that the language suggested by the defense is an inaccurate statement of the law because the law does not require the government to prove that the defendant "purposely intend[ed] to violate the law," only that the defendant intended to deceive and cheat someone.

proved beyond a reasonable doubt is that the defendant knowingly devised or intended to devise a scheme to defraud by means of false or fraudulent pretenses, representations, or promises that was substantially the same as the one alleged in the indictment.

It is also not necessary that the government prove that the material transmitted by wire communications was itself false or fraudulent, or that the use of the interstate or foreign wire communications facilities was intended as the specific or exclusive means of accomplishing the alleged fraud. What must be proved beyond a reasonable doubt is that the use of the interstate or foreign wire communications facilities was closely related to the scheme because the defendant either wired something or caused it to be wired in interstate or foreign commerce in an attempt to execute or carry out the scheme.

The alleged scheme need not actually succeed in defrauding anyone.

To "cause" interstate or foreign wire communications facilities to be used is to do an act with knowledge that the use of the wire communications facilities will follow in the ordinary course of business or where such use can reasonably be foreseen.

Each separate use of the interstate or foreign wire communications facilities in furtherance of a scheme to defraud by means of false or fraudulent pretenses, representations, or promises constitutes a separate offense.

PROPOSED JURY INSTRUCTION NO. 22

## 2.59 COUNTS FIVE THROUGH ELEVEN –
## ENGAGING IN MONETARY TRANSACTIONS IN PROPERTY DERIVED
## FROM SPECIFIED UNLAWFUL ACTIVITY – 18 U.S.C. § 1957

Title 18, United State Code, Section 1957, makes it a crime for a person to knowingly engage in, or attempt to engage in, a monetary transaction involving criminally derived property, in excess of $10,000, that is derived from specified criminal activity.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*:   That the defendant knowingly engaged in a monetary transaction;

*Second*: That the monetary transaction was of a value greater than $10,000;

*Third*: That the monetary transaction involved criminally derived property;

*Fourth*: That criminally derived property was derived from specified unlawful activity;

*Fifth*: That the defendant knew that the monetary transaction involved criminally derived property; and

*Sixth*: That the monetary transaction took place within the United States.

With respect to the fourth element, the government must show that, in fact, the property was the proceeds of wire fraud, which is a specified unlawful activity under the

statute.[9]

     The term "criminally derived property" means any property constituting or derived from, proceeds obtained from a criminal offense.

     The government is not required to prove that the defendant knew that the offense from which the "criminally derived property" was derived constituted "specific unlawful activity" as defined by the statute creating this offense. The government must prove, however, that the defendant knew that the involved property was obtained or derived from the commission of a crime.

---

[9]  This sentence is copied from Fifth Circuit PJC 2.76A because 2.59 does not contain a definition of "specified unlawful activity."

**Proposed Jury Charge - Page  37**

PROPOSED JURY INSTRUCTION NO. 23

## 1.26 DUTY TO DELIBERATE – VERDICT FORM

To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous on each count of the indictment.

It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way. In particular, do not let racial, ethnic, national origin, or other bias influence your decision in any way. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs as to the weight or effect of the evidence solely because the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges—judges of the facts. Your duty is to decide whether the government has proved the defendant guilty beyond a reasonable doubt.

When you go to the jury room, the first thing that you should do is select one of your number as your foreperson, who will help to guide your deliberations and will speak for you here in the courtroom. A verdict form has been prepared for your convenience. [Explain verdict form.]

**Proposed Jury Charge - Page 38**

The foreperson will write the unanimous answer of the jury in the space provided for each count of the Indictment, either guilty or not guilty. At the conclusion of your deliberations, the foreperson should date and sign the verdict.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the court security office. I will either reply in writing or bring you back into the court to answer your message.

Bear in mind that you are never to reveal to any person, not even to the court, how the jury stands, numerically or otherwise, on any count of the indictment, until after you have reached a unanimous verdict.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

UNITED STATES OF AMERICA

v.                                                    No. 4:23-CR-127-P

CHRISTOPHER KIRCHNER

**VERDICT OF THE JURY**

We, the Jury, find the defendant, **Christopher Kirchner**:

_____
"Guilty" or "Not Guilty"       of the offense charged in **Count 1** of the Indictment
                               (Wire Fraud):


_____
"Guilty" or "Not Guilty"       of the offense charged in **Count 2** of the Indictment
                               (Wire Fraud)


_____
"Guilty" or "Not Guilty"       of the offense charged in **Count 3** of the Indictment—
                               (Wire Fraud)


_____
"Guilty" or "Not Guilty"       of the offense charged in **Count 4** of the Indictment
                               (Wire Fraud)


_____
"Guilty" or "Not Guilty"       of the offense charged in **Count 5** of the Indictment
                               (Engaging in Monetary Transactions Derived from
                               Specified Unlawful Activity)

_____  of the offense charged in **Count 6** of the Indictment
"Guilty" or "Not Guilty"  (Engaging in Monetary Transactions Derived from
                          Specified Unlawful Activity)


_____  of the offense charged in **Count 7** of the Indictment
"Guilty" or "Not Guilty"  (Engaging in Monetary Transactions Derived from
                          Specified Unlawful Activity)


_____  of the offense charged in **Count 8** of the Indictment
"Guilty" or "Not Guilty"  (Engaging in Monetary Transactions Derived from
                          Specified Unlawful Activity)


_____  of the offense charged in **Count 9** of the Indictment
"Guilty" or "Not Guilty"  (Engaging in Monetary Transactions Derived from
                          Specified Unlawful Activity)


_____  of the offense charged in **Count 10** of the Indictment
"Guilty" or "Not Guilty"  (Engaging in Monetary Transactions Derived from
                          Specified Unlawful Activity)


_____  of the offense charged in **Count 11** of the Indictment
"Guilty" or "Not Guilty"  (Engaging in Monetary Transactions Derived from
                          Specified Unlawful Activity)


                          _____
                          Foreperson