IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | NO. 4:23-CR-127-P |
| CHRISTOPHER KIRCHNER | |

**GOVERNMENT'S TRIAL BRIEF REGARDING FORFEITURE
PHASE OF THE TRIAL**

The defendant has indicated that he will demand a jury for forfeiture. The United States of America submits this brief regarding forfeiture issues that may arise during the upcoming forfeiture phase of the trial in this case.

**The Applicable Forfeiture Statutes**

Federal Rule of Criminal Procedure 32.2 governs the procedure for criminal forfeiture.

Under 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), upon conviction of the charges alleged in the superseding indictment in violation of 18 U.S.C. § 1343 (wire fraud) (Count One, Two, Three, and/or Four), the defendant must forfeit to the United States of America: any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of any offense constituting "specified unlawful activity" (as defined in section 1956(c)(7) of this title).

Under 18 U.S.C. § 982(a)(1), upon conviction of the charges alleged in the superseding indictment in violation of 18 U.S.C. § 1957 (money laundering) that correspond to assets sought for forfeiture (Count Five, Nine, and/or Eleven), the

**Government's Trial Brief Regarding Forfeiture – Page 1**

defendant must forfeit to the United States of America: any property, real or personal, involved in such offense, or any property traceable to such property.

## Proceeds

Proceeds include property a defendant would not have obtained or retained but for the commission of the criminal offense. *See United States v. Sanders*, 952 F.3d 263, 286 (5th Cir. 2020) (where evidence established that fraud was "pervasive" in company, even *de minimis* amounts of legitimately earned revenues in bank accounts forfeited as proceeds of healthcare fraud because revenues were traceable to fraud; court concluded that "fraud touched everything" and business "couldn't have existed absent the fraud"); *see also United States v. Lacerda*, 958 F.3d 196, 217 (3d Cir. 2020) (affirming forfeiture of all a business' proceeds when the court found that the business "was a fraudulent enterprise from beginning to end").

The Government's burden is to show a nexus between the offense and the property, not to show exactly how each individual dollar in the accounts was fraudulently derived. *See Sanders*, 952 F.3d at 286. Courts are afforded discretion in calculating illicit gains based on the circumstances of the case. *See United States v. Treacy*, 639 F.3d 32, 47-48 (2d Cir. 2011) (explaining that the calculation of forfeiture "is not an exact science" and the district court's forfeiture calculations may "use general points of reference as a starting point for calculating the losses or gains from the [criminal activity] and may make reasonable extrapolations from the evidence"). The lowest intermediate balance rule (LIBR) provides that where the balance of an account into which tainted

**Government's Trial Brief Regarding Forfeiture – Page 2**

proceeds are deposited subsequently dips below the amount of those tainted proceeds, the only tainted funds thereafter traceable to the account are funds equal to that lowest account balance. The Government utilized the LIBR accounting method in this case to trace tainted funds to the assets sought for forfeiture. LIBR is an approved accounting method that courts use to determine fraudulent funds traceable to an asset. *See United States v. Miller*, 911 F.3d 229, 234 (4th Cir. 2018); *see also United States v. Davis*, 53 F.3d 833, 848-49 (5th Cir. 2022) (auditor's tracing analysis that used a process of addition and subtraction was not expert testimony and the jury properly relied on that testimony).

Forfeitable proceeds encompass all of the proceeds from the continuing fraudulent scheme. *United States v. Reed*, 908 F.3d 102, 125-26 (5th Cir. 2018) (can forfeit all proceeds from continuing fraudulent scheme over 20 years, mail fraud, including those that fell outside 5 years statute of limitations); *United States v. Cox*, 851 F.3d 113 (1st Cir. 2017) (forfeiture involving a fraud scheme may include proceeds from uncharged related transactions as part of the same scheme, even if jury acquitted defendant on count involving such transaction).

Property involved in money laundering includes 1) the proceeds of the specified unlawful activity involved in the offense, 2) property that is the subject matter of the transaction,[1] 3) commissions or fees paid to a launderer, and 4) any

---

[1] *See, e.g., United States v. Real Prop. Known as 1700 Duncanville Rd.*, 90 F. Supp. 2d 737, 741 (N.D. Tex. 2000), *aff'd*, 250 F.3d 738 (5th Cir. Feb. 12, 2001) (Table) (where less than half of
**Government's Trial Brief Regarding Forfeiture – Page 3**

property that facilitated the offense. *See United States v. Tencer*, 107 F.3d 1120, 1134 (5th Cir. 1997).

Finally, appreciation in the value of the property is also subject to forfeiture. *See, e.g., United States v. Betancourt*, 422 F.3d 240, 251 (5th Cir. 2005); *United States v. Vogel*, No. 4:08-CR-224, 2010 WL 547344, at *4 (E.D. Tex. Feb. 10, 2010). Therefore, both the appreciation in value of the property and any proceeds obtained or retained from the property are sought for forfeiture.

## Property Sought for Forfeiture

The Government seeks forfeiture of the following assets and seized funds:

a. *Round Monette with Pink Roses* Painting by Sarah Ashley Longshore;
b. 57 bottles of wine seized from defendant Christopher Kirchner's residence on or about February 14, 2023 as follows:
   Four (4) bottles of Hundred Acre Ark Wine;
   Thirty-three (33) bottles of Lokoya 2018 Cabernet Sauvignon;
   Two (2) bottles of Vineyard 7 and 8 Estate 2018 Cabernet Sauvignon; and
   Eighteen (18) bottles of Lokoya 2016 Cabernet Sauvignon;
c. Cartier Panther-Style Pendant Necklace in 18K Yellow Gold, seized on February 14, 2023;
d. Richard Mille 95% Platinum Watch with Sports Rubber Bracelet, Model RM008/AFPT/27, Serial No. PT950;
e. Ladies' Rolex Oyster Perpetual Date Just Watch in 18K Rose Gold, Model 81285, Serial No. J0560855;
f. Men's Rolex Oyster Perpetual Cosmograph Daytona Watch in 18K White Gold, Model 116509, Serial No. Z071060;
g. 2021 Mercedes Benz AMG G63, VIN W1NYC7HJ9MX401228;
h. 2022 Rolls Royce Cullinan, VIN SLATV4C05NU211445;

---

money used to buy real property was proceeds of food stamp fraud, property was forfeitable in its entirety because the purchase was a violation of section 1957).

**Government's Trial Brief Regarding Forfeiture – Page 4**

i. Men's Rolex Oyster Cosmograph Dayton Watch, 18K Yellow Gold, Model 116508, Serial No. 124741T1;
j. $500,000.00 of $500,000.82 seized from Bank of America Account No. XXXXXXXX1186, in the name of Alyssa Kirchner;
k. $39,501.76 seized from Bank of America Account No. XXXXXXXX5469, in the name of Christopher Kirchner and/or Alyssa Kirchner;
l. $32,292.90 seized from Bank of America Account No. XXXXXXXX5472, in the name of Christopher Kirchner and/or Alyssa Kirchner;
m. $3,508.99 seized from Bank of America Account No. XXXXXXXX3574, in the name of KFIM, LLC;
n. The real property located at 1209 Perdenalas Trail, Westlake, Tarrant County, Texas, as more fully described in the Superseding Indictment.

The Government seeks forfeiture of these assets under two separate theories. Under 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), the Government seeks forfeiture of assets (a) through (n) as proceeds derived from violations of wire fraud, 18 U.S.C. § 1343. In addition, under 18 U.S.C. § 982(a)(1), the Government seeks forfeiture of assets (g) and (n) as property involved in 18 U.S.C. § 1957 money laundering. Asset (g) corresponds to Count Eleven, and asset (n) corresponds to Count Five and/or Count Nine. As a matter of law, property subject to the money laundering conviction is "involved in" that offense and automatically subject to forfeiture. *United States v. Sanders*, 952 F.3d 263, 286-87 (5th Cir. 2020). Defendant may be ordered to forfeit the same property twice, once as proceeds of fraud and once as property involved in money laundering; forfeiture is part of the punishment for each offense. *See United States v. Schlesinger*, 261 F. App'x 355, 361 (2d Cir. Jan. 30, 2008). If the Government alleges multiples theories of forfeiture, court may instruct in the disjunctive, but advise jury that

**Government's Trial Brief Regarding Forfeiture – Page 5**

it must be unanimous as to the theory or theories it selects. *See United States v. Olson*, No. 03-CR-51, 2003 WL 23120024, at *3-4 (W.D. Wis. July 11, 2003).

## Burden of Proof

Criminal forfeiture of property related to certain crimes is mandated by statute and has a punitive purpose unlike restitution. *See United States v. Taylor*, 582 F.3d 558, 565-66 (5th Cir. 2009) (citations omitted). Indeed, "[c]riminal forfeiture is a form of punishment designed to 'divest the criminal defendant of the profits of the illegal activity for which he has been convicted'; [a]s such, it is a part of the sentence rather than the substantive offense." *United States v. Odom*, No. 5:03-CR-24, 2007 WL 2433957, at *4 (S.D. Miss. Aug. 22, 2007) (quoting *United States v. Ferrario-Pozzi*, 368 F.3d 5, 8 (1st Cir. 2004) (citations omitted)). As with other sentencing issues, the burden of proof for determining forfeiture is by a preponderance of the evidence. *United States v. Gasanova*, 332 F.3d 297, 301 (5th Cir. 2003). Consequently, the Court may rely on "evidence already in the record, including any written plea agreement, and or any additional evidence or *information* submitted by the parties and accepted by the court as relevant and reliable." Fed. R. Crim. P. 32.2(b)(1)(B) (emphasis added). *See United States v. Adegboye*, No. CR-11-30, 2011 WL 5025531, at *2 (W.D. Okla. Oct. 21, 2011) (noting that government did not present any additional evidence in the forfeiture phase of the trial but relied on documents already in evidence to establish the amount subject to forfeiture).

The defendant may not relitigate legality of conduct in forfeiture phase. *See United States v. Warshak*, 631 F.3d 266, 331 (6th Cir. 2010) (in the forfeiture phase, the

**Government's Trial Brief Regarding Forfeiture – Page 6**

legality of the conduct is no longer a "live issue"; the only question is the nexus between the conduct and the offense).

## Inapplicability of Rules of Evidence and Admissibility of Hearsay

The rules of evidence do not apply to sentencing proceedings. *United States v. Chavez*, 947 F.2d 742, 746 (5th Cir. 1991). Forfeiture is part of sentencing. *Libretti v. United States*, 516 U.S. 29 (1995). Rule 32.2(b)(1)(B) makes clear that the forfeiture determination may be based on evidence already in the record, or on "any additional evidence *or information* submitted by the parties and accepted by the court as relevant and reliable") (emphasis added); *compare* 18 U.S.C. § 3661 ("No limitation shall be placed on the *information* concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence") (emphasis added).

Because forfeiture is part of sentencing, less stringent evidentiary standards apply in the forfeiture phase; the evidence or information need only be "reliable." *See United States v. Ali*, 619 F.3d 713, 720 (7th Cir. 2010). Such information may include reliable hearsay. *See, e.g.*, *United States v. Capoccia*, 503 F.3d 103, 109 (2d Cir. 2007) (Rule 32.2(b)(1) allows the court to consider "evidence or information," making it clear that the court may consider hearsay; this is consistent with forfeiture being part of the sentencing process where hearsay is admissible); *see also United States v. Mohamed*, No. 3:17-CR-00220, 2019 WL 6840331 (M.D. Tenn. Dec. 16, 2019) (court admits wiretap intercept call despite government's failure to authenticate recording; Federal Rules of Evidence do

**Government's Trial Brief Regarding Forfeiture – Page 7**

not apply). Indeed, the government may present testimony attributable to other witnesses through government witnesses. *See United States v. Ward*, No. 2:16-CR-06, 2017 WL 2881582, (W.D. Mich. July 5, 2017). In addition, the Federal Rule of Evidence requirements for expert witnesses do not apply. *See United States v. Hatfield*, 795 F. Supp. 2d 219, 229-30 (E.D.N.Y. 2011) (because the Federal Rules of Evidence do not apply in the forfeiture phase of a criminal trial, the government does not have to satisfy the *Daubert* standard with respect to the testimony of its expert witnesses).

## **Forfeiture is Mandatory**

If a defendant is convicted of an offense giving rise to forfeiture, the applicable forfeiture statutes require that forfeiture be ordered as part of the sentence. *See* 21 U.S.C. § 853(a) ("any person convicted of a violation . . . *shall* forfeit to the United States . . . ." (emphasis added)). *See also United States v. Prejean*, No. 05-130, 2006 WL 2414256, at *2 (E.D. La. 2006) (once jury returns a forfeiture verdict, entry of the preliminary order of forfeiture is mandatory; thus, defendant is not entitled to another hearing before the order is entered).

Separate from directly forfeitable property returned by a jury verdict, the Court can then order forfeiture by money judgment and substitute assets. *See United States v. Olguin*, 643 F.3d 384, 396-97 (5th Cir. 2011) (because forfeiture statute is broadly worded and must be "liberally construed," a court must assume that any property of defendant may be forfeited unless specifically excluded from the scope of statute; because the statute does not exclude money judgments, a forfeiture order may take that

**Government's Trial Brief Regarding Forfeiture – Page 8**

form); *United States v. Hall*, 434 F.3d 42, 60 (1st Cir. 2006) (Rule 32.2(e) allows the government to move to forfeit substitute assets, but court must still order property forfeited).

## Jury Determination

Fed. R. Crim. P. 32.2(b)(1)(A) provides that the standard for the forfeiture determination: whether the government has established the requisite nexus between the property and the offense. The rules also require that the court to "determine before the jury begins deliberating whether either party requests that the jury be retained to determine the forfeitability of specific property if it returns a guilty verdict." Fed. R. Crim. P. 32.2(b)(5)(A). Absent a request by either party for the jury to decide whether certain assets are subject to forfeiture, under Rule 32.2(b)(1)(A), the court decides the forfeiture itself.

If a specific jury request is made, the only issue for the jury is whether the Government has established the requisite nexus between the property and the offense. Fed. R. Crim. P. 32.2(b)(4). The jury itself does not order forfeiture; nor does it consider third-party claims. Fed. R. Crim. P. 32.2(b), (c). These matters are considered by the Court in the ancillary proceedings, following the jury's special verdict and entry of the preliminary order of forfeiture. Fed. R. Crim. P. 32.2(b), (c); Advisory Committee Note to Subsection (b). Whether a third party has an interest that should be exempted from the forfeiture is adjudicated after the preliminary forfeiture order's entry in the ancillary proceeding under Rule 32.2(c).

**Government's Trial Brief Regarding Forfeiture – Page 9**

The Government and defendant have already submitted agreed proposed jury instructions and a proposed special forfeiture verdict form should the defendant choose to have the jury decide the forfeiture. (Dkt. 80). The jury's special verdict form will serve as the basis for this Court to enter a preliminary order of forfeiture. Fed. R. Crim. P. 32.2(b)(2), (3). Entry of an order of forfeiture in a criminal case is considered a part of sentencing. *Libretti v. United States*, 516 U.S. 29, 39 (1995) ("criminal forfeiture is an aspect of punishment imposed following conviction of a substantive criminal offense"). The final order of forfeiture will follow, after notice and advertisement of the preliminary order, and will address any third-party claims. Fed. R. Crim. P. 32.2(b)(2) and (c).

The jury also does not consider whether the government is entitled to any money judgment or its amount. Upon conviction, the court, not the jury, decides whether to impose a money judgment and in what amount. Fed. R. Crim. P. 32.2(b)(5); 32.2(b)(1)(A) ("If the government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay").

### Timing of the Special Verdict of Forfeiture

If the jury returns a verdict of guilty and assuming the defendant wants the jury to decide the forfeiture, the jury should then receive instructions regarding the forfeiture, the Government should be allowed to introduce evidence not already introduced during the guilt phase, and counsel for the parties should be able to present a brief opening and closing argument regarding the forfeiture.

**Government's Trial Brief Regarding Forfeiture – Page 10**

**Conclusion**

If the defendant seeks a forfeiture jury trial, the United States will show by a preponderance of the evidence that the property listed in the superseding indictment is forfeitable under one or more of the theories of forfeiture described above.

Respectfully submitted this 18th day of January 2024.

                LEIGHA SIMONTON
                United States Attorney


                */s/ Dimitri N. Rocha*
                Dimitri N. Rocha
                Assistant U.S. Attorney