IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | NO. 4:23-CR-127-P |
| CHRISTOPHER KIRCHNER | |

### UNITED STATES' STATUS REPORT REGARDING THIRD-PARTY FORFEITURE PETITIONER ALYSSA KIRCHNER'S PETITION FOR ADJUDICATION OF INTEREST

On January 25, 2024, a jury found the defendant Christopher Kirchner guilty on all charged counts. (Dkt. 103). On March 25, 2024, the United States filed its motion for preliminary order of forfeiture for various specific assets. (Dkt. 112). The Court granted the preliminary order of forfeiture. (Dkt. 114). On May 3, 2024, Petitioner Alyssa Kirchner ("Petitioner") filed a third-party forfeiture petition under 21 U.S.C. § 853(n), which included assets listed in the preliminary order of forfeiture. (Dkt. 119-122). On May 17, 2024, the government met with Petitioner Alyssa Kirchner to discuss her petition.

The government opposes Petitioner's claim to any of the property subject to forfeiture as proceeds of the wire fraud and/or involved in money laundering. *See United States v. Dong Dang Huynh*, 595 Fed. Appx. 336, 338 (5th Cir. Dec. 14, 2014) (affirming dismissal of third-party petition where business did not have superior interest under 21 U.S.C. § 853(n)(6)(A) in forfeited funds before defendant conspired to commit money laundering); *see also United States v. Timley*, 507 F.3d 1125, 1130 (8th Cir. 2007) (third-party petition can never state a claim under 853(n)(6)(A) for property that is criminal

proceeds of the offense).  In addition, the petitioner lacks standing to challenge the preliminary order of forfeiture against the defendant; rather the third-party forfeiture ancillary proceeding only allows a petitioner "to establish her interest in the forfeited property as it compares to the interest of the government and other petitioners." *United States v. Holy Land Found.*, 722 F.3d 677, 684 (5th Cir. 2013); *Dong Dang Huynh*, 595 Fed. Appx. at 339-340 (noting that petitioner cannot relitigate the nexus between a defendant's criminal acts and the property forfeited from that defendant).

To the extent that Petitioner claims an 50% interest as community property in the substitute assets, the government acknowledges that she may be able to establish a claim of an 50% interest in the substitute assets.  *See United States v. Berry*, 951 F.3d 632, 637 (5th Cir. 2020); *United States v. Loftis*, 607 F.3d 173, 176-79 (5th Cir. 2010).  However, even if Petitioner can show that she has a community property interest in the property subject to forfeiture, that does not mean she is entitled to have the property returned to her.  A jury found the defendant guilty, and the United States is seeking a restitution order of several tens of millions of dollars.  Upon entry of judgment, a lien will attach to the defendant's property – which includes the defendant and Petitioner's interest in their community property.  *See Loftis*, 607 F.3d at 176-79.  Where there is a large restitution order expected and a limited amount of property available to satisfy it, prejudgment restraint of assets subject to the lien may be appropriate.  *See United States v. Scully*, 2017 WL 11661557, at *3 (W.D. Tex. Mar. 2, 2017), *aff'd*, 882 F.3d 549 (5th Cir. 2018).

At the government's May 17, 2024 meeting with Petitioner, the government provided her with a copy of a draft stipulation for waiver of her interest in the property sought for forfeiture. At the meeting, Petitioner agreed to provide a financial statement to the government and supporting documentation during the week of May 20, 2024. Petitioner is also seeking to establish that some property may be separate property rather than community property. The government hopes to reach a stipulation with Petitioner regarding the assets during the week of May 20, 2024. However, if no agreement can be made, the government intends to file a motion to dismiss Petitioner's petition regarding property that is proceeds of the fraud and/or involved in money laundering. Regarding substitute assets that Petitioner claims a 50% community property interest, the government will seek a pre-judgment restraint of assets that would be subject to a restitution lien. If an agreement cannot be made during the week of May 20, the government intends to file these motions no later than Tuesday, May 28, 2024. Any litigation regarding a third-party forfeiture petition does not affect the defendant's sentencing date.

Respectfully submitted,

LEIGHA SIMONTON
UNITED STATES ATTORNEY

*/s/ Dimitri N. Rocha*
DIMITRI N. ROCHA
Assistant United States Attorney
Florida Bar No. 693332
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
T: 214-659-8650 | F: 214-659-8803
Dimitri.Rocha@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on May 17, 2024, I electronically filed this document with the Clerk for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court. I further certify that on May 17, 2024, I will send a copy of this pleading to Petitioner Alyssa Kirchner at strainer.alyssa@gmail.com.

*/s/ Dimitri N. Rocha*
DIMITRI N. ROCHA
Assistant United States Attorney