# UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
Fort Worth Division

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| v. | Case Number: 4:23-CR-00127-P(01) |
|  | U.S. Marshal's No.: 44239-510 |
| CHRISTOPHER KIRCHNER | Joshua Detzky, Katie Jacobs, Assistant U.S. Attorney |
|  | Christopher Weinbel, Attorney for the Defendant |

On January 25, 2024 the defendant, CHRISTOPHER KIRCHNER, was found guilty by a jury as to Counts One through Eleven of the Superseding Indictment filed on December 19, 2023. Accordingly, the defendant is adjudged guilty of such Counts, which involves the following offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Counts** |
|---|---|---|---|
| 18 U.S.C. § 1343 | Wire Fraud | August 2022 | 1 - 4 |
| 18 U.S.C. § 1957 | Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity | August 2021 | 5 - 11 |

The defendant is sentenced as provided in pages 2 through 8 of this judgment. The sentence is imposed pursuant to Title 18, United States Code § 3553(a), taking the guidelines issued by the United States Sentencing Commission pursuant to Title 28, United States Code § 994(a)(1), as advisory only.

The defendant shall pay immediately a special assessment of $1,100.00 as to Counts One through Eleven of the Superseding Indictment filed on December 19, 2023.

Upon motion of the Government, any remaining Counts are dismissed, as to this defendant only.

The defendant shall notify the United States Attorney for this district within thirty days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Sentence imposed July 11, 2024.

_____
MARK T. PITTMAN
U.S. DISTRICT JUDGE

Signed July 15, 2024.

Judgment in a Criminal Case Page **2** of **8**  
Defendant:  CHRISTOPHER KIRCHNER  
Case Number:  4:23-CR-00127-P(1)

## IMPRISONMENT

The defendant, CHRISTOPHER KIRCHNER, is hereby committed to the custody of the Federal Bureau of Prisons (BOP) to be imprisoned for a term of **Two Hundred Forty (240) months** as to each Counts One through Four, and **One Hundred Twenty (120) months** as to each Counts Five through Eleven, all Counts to run concurrently, for a total sentence of **Two Hundred Forty (240) months** of the Superseding Indictment filed on December 19, 2023.

The Court recommends to the Bureau of Prisons that the defendant be able to participate in the Inmate Financial Responsibility Program and to be incarcerated at a facility as close to the Dallas, Fort Worth, TX area as possible.

The defendant is remanded to the custody of the United States Marshal.

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of **Three (3) years** as to each Counts One through Eleven, each term to run concurrently, for a total supervised release term of **Three (3) years** of the Superseding Indictment filed on December 19, 2023.

While on supervised release, in compliance with the standard conditions of supervision adopted by the United States Sentencing Commission, the defendant shall:

1) The defendant shall report to the probation office in the federal judicial district where he or she is authorized to reside within 72 hours of release from imprisonment, unless the probation officer instructs the defendant to report to a different probation office or within a different time frame;

2) After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when to report to the probation officer, and the defendant shall report to the probation officer as instructed;

3) The defendant shall not knowingly leave the federal judicial district where he or she is authorized to reside without first getting permission from the court or the probation officer;

4) The defendant shall answer truthfully the questions asked by the probation officer;

5) The defendant shall live at a place approved by the probation officer. If the defendant plans to change where he or she lives or anything about his or her living arrangements (such as the people the defendant lives with), the defendant shall notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change;

6) The defendant shall allow the probation officer to visit the defendant at any time at his or her home or elsewhere, and the defendant shall permit the probation officer to take any items prohibited by the conditions of the defendant's supervision that he or she observed in plain view;

Judgment in a Criminal Case Page **3** of **8**  
Defendant: CHRISTOPHER KIRCHNER  
Case Number: 4:23-CR-00127-P(1)

7) The defendant shall work full time (at least 30 hours per week) at a lawful type of employment, unless the probation excuses the defendant from doing so. If the defendant does not have full-time employment, he or she shall try to find full-time employment, unless the probation officer excuses the defendant from doing so. If the defendant plans to change where the defendant works or anything about his or her employment (such as the position or the job responsibilities), the defendant shall notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change;

8) The defendant shall not communicate or interact with someone the defendant knows is engaged in criminal activity. If the defendant knows someone has been convicted of a felony, the defendant shall not knowingly communicate or interact with that person without first getting the permission of the probation officer;

9) If the defendant is arrested or questioned by a law enforcement officer, the defendant shall notify the probation officer within 72 hours;

10) The defendant shall not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed , or was modified for, the specific purpose of causing bodily injury or death to another person, such as nunchakus or tasers);

11) The defendant shall not act or make an agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court;

12) If the probation officer determines that the defendant poses a risk to another person (including an organization), the probation officer may require the defendant to notify the person about the risk and the defendant shall comply with that instruction. The probation officer may contact the person and confirm that the defendant has notified the person about the risk; and,

13) The defendant shall follow the instructions of the probation officer related to the conditions of supervision.

In addition the defendant shall:

not commit another federal, state, or local crime;

not possess illegal controlled substances;

not possess a firearm, destructive device, or other dangerous weapon;

cooperate in the collection of DNA as directed by the U.S. probation officer;

submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court;

make restitution in accordance with 18 U.S.C. §§ 2248, 2259, 2264, 2327, 3663, 3663A, and 3664;

pay the assessment imposed in accordance with 18 U.S.C. § 3013;

take notice that if this judgment imposes a fine, you must pay in accordance with the Schedule of Payments sheet of this judgment;

not be employed in any fiduciary capacity or any position allowing access to credit or personal financial information of others, unless the defendant's employer is fully aware of the offense of conviction and with the approval of the probation officer;

provide to the probation officer complete access to all business and personal financial information;

not incur new credit charges or open additional lines of credit, either as a principal or cosigner or through any corporate entity, without approval of the probation officer;

maintain not more than one business and/or one personal checking account, and shall not open, maintain, be a signatory on, or otherwise use any other financial institution account without the prior approval of the probation officer; and,

take notice that if, upon commencement of the term of supervised release, any part of the $65,415,938.12 restitution ordered by this judgment remains unpaid, the defendant shall make payments on such unpaid balance in monthly installments of not less than 10 percent of the defendant's gross monthly income, or at a rate of not less than $200 per month, whichever is greater. Payment shall begin no later than 60 days after the defendant's release from confinement and shall continue each month thereafter until the balance is paid in full. Any unpaid balance of the restitution ordered by this judgment shall be paid in full 60 days prior to the termination of the term of supervised release. In addition, at least 50 percent of the receipts received from gifts, tax returns, inheritances, bonuses, lawsuit awards, and any other receipt of money shall be paid toward the unpaid balance within 15 days of receipt. This payment plan shall not affect the ability of the United States to immediately collect payment in full through garnishment, the Treasury Offset Program, the Inmate Financial Responsibility Program, the Federal Debt Collection Procedures Act of 1990 or any other means available under federal or state law. Furthermore, it is ordered that interest on the unpaid balance is waived pursuant to 18 U.S.C. § 3612(f)(3).

## FINE/RESTITUTION

The Court does not order a fine or costs of incarceration because the defendant does not have the financial resources or future earning capacity to pay a fine or costs of incarceration.

Pursuant to the Mandatory Victims Restitution Act of 1996, the Defendant is ordered to pay restitution in the amount of $65,415,938.12 payable to the U.S. District Clerk, 501 West 10th Street, Room 310, Fort Worth, TX 76102-3673.  Restitution including both investment losses and attorney fees shall be due and payable immediately and any unpaid balance shall be payable during incarceration.  If upon commencement of the term of supervised release any part of the $65,415,938.12 restitution ordered by this judgment remains unpaid, the defendant shall make payments on such unpaid balance at the rate of at least $200 per month, the first such payment to be made no later than 60 days after the defendant's release from confinement and another payment to be made on the same day of each month thereafter until the restitution is paid in full.

Pursuant to 18 U.S.C. § 3664(i), the Court orders the investment losses shall be paid first and the attorneys fees shall be paid second.

First, the Clerk of Court shall pay the victims on a pro rata basis as follows:

| Victim | Investment Loss |
|---|---|
| Blumberg Capital | $6,499,997.67 |
| Correlation Ventures | $4,183,539.37 |
| SC-NGU, LLC<br>c/o Ronnie Lott | $24,999.34 |
| Steven Fleck | $149,999.99 |
| Hack VC 2020 LP<br>c/o Ed Roman | $139,229.45 |
| SLY Fund I, Series of Hack VC, LP | $310,769.22 |
| Atwell Family Revocable Living Trust<br>c/o Jim Atwell | $40,185.66 |
| Wayne D. Atwell and Peggy R. Atwell Revocable Trust<br>c/o Wayne Atwell | $2,567.31 |
| Weitman Family Trust<br>c/o Paul Weitman | $50,232.07 |
| Broad Street Principal Investments, LLC,<br>Stone Bridge 2020, LP, and<br>Stone Bridge 2020 Offshore Holdings II, LP<br>c/o Goldman Sachs Legal Department | $34,999,997.45 |
| 235 Capital Partners<br>c/o Jim Atwell | $9,997.98 |
| ACME Capital<br>Attn: Michael Derrick, CFO | $16,564,764.75 |

| | |
|---|---|
| JP Entrepreneur Fund II, LLC JPX c/o Jordan Park Group | $199,997.72 |
| SL Gaingels Fund I, Series of Zachary Ginsburg Funds, LP | $1,130,235.13 |
| Gaingels Slync, LLC c/o Moulton Law | $420,000 |
| Benjamin Burman | $175,002.79 |

Second, the Clerk of Court shall pay the victims on a pro rata basis as follows:

| Victim | Attorney Fees |
|---|---|
| Blumberg Capital | $427,621.57 |
| Correlation Ventures | $8,854.00 |
| ACME Capital Attn: Michael Derrick, CFO | $77,946.65 |

## FORFEITURE

Pursuant to 18 U.S.C. §982(a)(1) and 28 U.S.C. § 2461(c), it is hereby ordered that the defendant's interest in the following property is condemned and forfeited to the United States:

a. 2021 Mercedes Benz AMG G63, VIN W1NYC7HJ9MX401228;

b. 2022 Rolls Royce Cullinan, VIN SLATV4C05NU211445;

c. Richard Mille 95% Platinum Watch with Sports Rubber Bracelet, Model RM008/AFPT/27, Serial No. PT950;

d. Men's Rolex Oyster Cosmograph Dayton Watch, 18K Yellow Gold, Model 116508, Serial No. 124741T1;

e. Ladies' Rolex Oyster Perpetual Date Just Watch in 18K Rose Gold, Model 81285, Serial No. J0560855;

f. Men's Rolex Oyster Perpetual Cosmograph Daytona Watch in 18 K White Gold, Model 116509, Serial No. Z071060;

g. Cartier Panther-style Pendant Necklace in 18K Yellow Gold, seized on February 14, 2023;

h. *Round Monette with Pink Roses* painting by Sarah Ashley Longshore;

i. 57 bottles of wine as follows:

   a. Four bottles of Hundred Acre Ark Wine

   b. Thirty-three bottles of Lokoya 2018 Cabernet Sauvignon

   c. Two bottles of Vineyard 7 and 8 Estate 2018 Cabernet Sauvignon

Judgment in a Criminal Case Page **7** of **8**
Defendant: CHRISTOPHER KIRCHNER
Case Number: 4:23-CR-00127-P(1)

      d. Eighteen bottles of Lokoya 2016 Cabernet Sauvignon

j. $3,508.99 seized from Bank of America Account No. 3574, in the name of KFIM, LLC;

k. $500,000.82 seized from Bank of America Account No. 1186, in the name of Alyssa Kirchner;

l. $39,501.76 seized from Bank of America Account No. 5469, in the name of Christopher Kirchner and/or Alyssa Kirchner;

m. $32,292.90 seized from Bank of America Account No. 5472, in the name of Christopher Kirchner and/or Alyssa Kirchner;

n. Audemars Piguet Automatic Chronograph Stainless Royal Oak Watch, Serial No. K04977;

o. Ladies Rolex Oyster Perpetual Date Just Watch in Stainless, Model No. 178240, Serial No. 538M19L0;

p. One 3-liter 2016 Cabernet Sauvignon from Vineyard 7 and 8 Estate;

q. One 1.5-liter 2013 Cabernet Sauvignon from Two Eight One;

r. $13,001.32 seized from Bank of America Account No. 6744

Judgment in a Criminal Case Page **8** of **8**
Defendant: CHRISTOPHER KIRCHNER
Case Number: 4:23-CR-00127-P(1)

# RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
United States Marshal

BY _____
Deputy Marshal

Case 4:23-cr-00127-P   Document 153   Filed 07/15/24   Page 8 of 8   PageID 2755
Judgment in a Criminal Case Page **8** of **8**